CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: c.kuhner@kornfieldlaw.com

Attorneys for Debtor Arce Riverside, LLC

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ARCE RIVERSIDE, LLC,<br><br>Debtor. | Case No. 13-32456 DM<br><br>Chapter 11<br>(Jointly Administered with<br>Case No. 13-32457 DM) |
| In re<br><br>KERA RIVERSIDE, LLC,<br><br>Debtor. | Case No. 13-32457 DM<br><br>Chapter 11<br>(Jointly Administered with<br>Case No. 13-32456 DM)<br><br>**FIRST INTERIM APPLICATION BY KORNFIELD, NYBERG, BENDES & KUHNER, P.C. FOR COMPENSATION FOR SERVICES RENDERED AS ATTORNEYS FOR THE DEBTOR (ARCE RIVERSIDE, LLC)** |
| | Date: June 26, 2015<br>Time: 9:30 a.m.<br>Ctrm: 22<br>U.S. Bankruptcy Court<br>235 Pine Street<br>San Francisco, California |

TO: THE HONORABLE DENNIS MONTALI, U.S. BANKRUPTCY JUDGE:

The application of Kornfield, Nyberg, Bendes & Kuhner, P.C. ("Applicant") respectfully represents as follows:

The above-referenced Chapter 11 bankruptcy case was initiated by filing a Voluntary Petition on November 12, 2013. Arce Riverside, LLC is the debtor and debtor-in-possession in the above-referenced bankruptcy case (the "Debtor"). This case was administratively consolidated with Kera Riverside, LLC ("Kera Debtor") on December 3, 2013. The Debtor was the owner of a single parcel of real property located at 10113-10121 Hole Avenue, Riverside, California ("Property"). The Debtor owned ten percent (10%) of the Property and Kera Debtor owned ninety percent (90%) of the Property. The two Debtors operated under an operative agreement which allowed the Debtors to share the income and pay the expenses on a prorated basis.

Your Applicant has kept separate time records for both cases and allocated time and work accordingly.

The Property was 100% leased to Crunch LA, Riverside, LLC dba Crunch Fitness ("Crunch") as a sole tenant with a ten-year lease which commenced on August 2002 with two five-year options. The Debtor initially filed a Plan of Reorganization, but ultimately sold the Property pursuant to an Amended Order Granting Order Motion to Sell Assets Free and Clear of Liens, Encumbrances and Interests ("Sale Order") entered by this Court on January 7, 2015. Pursuant to the terms of the Sale Order, the Debtors' main secured creditor Penn Equities, LLC was paid $3,198,067 with the Court reserving jurisdiction to hear and rule upon Debtor's objections to the claim and make appropriate adjustments as to the sums claim. The purpose of the Order was to allow the Debtors and Penn Equities to litigate the Debtor's claims of again to Penn Equities including that Penn Equities charged a usurious interest rate on the underlying loan. The hearing on this usury is set for August 17, 2015.

At this time, the only funds available to pay any fees and cost (or claims in this case) are and will be contributions from the Debtors' owners, Neil Wachsberger and George Arce. Since the Amended Order, Neil Wachsberger has contributed $10,000 which is currently being held in the retainer account for KNB&K. The purpose of this Fee Application is to approve the fees and costs

First Interim Application by KNB&K for Compensation
for Services Rendered as Attorneys for the Debtor
-2-
Case: 13-32456  Doc# 191  Filed: 06/02/15  Entered: 06/02/15 11:14:06  Page 2 of 15

requested and authorize the payment from contributions of the owners and in the event there is a recovery from Penn Equities in an amount sufficient to pay the fees approved subject to a further order of the Court. To be clear, through this application, your Applicant is asking that it be authorized to only be paid the fees and costs approved through contributions made by the owners. In the event there is a recovery from Penn Equities, payment of any approved fees and cost from those funds received will be subject to a further Court order.

No previous application for compensation had been filed in this case. Your Applicants first Interim Application for Compensation is for services rendered and expenses incurred from November 13, 2013 through May 18, 2015. During said period, your Applicant has continued to act as attorneys for the Debtor.

Your Applicant was employed by the Debtor by Order of this court dated December 3, 2013.

Your Applicant has not entered into any agreement, express or implied, with any other party in interest, including Debtor, any creditor or representative, or of any attorney or counsel for any such party in interest for the purpose of fixing fees for the compensation to repay for services rendered or expenses incurred in connection with this case and there is no agreement or understanding between the applicant and other persons for sharing of compensation to be received, for services rendered in, or in connection with this case. Again, to be clear, the owners will be making capital contributions which your Applicant is asking for authorization to utilize to pay any approved fees and costs.

All services for which compensation is requested were performed for, or on behalf of the Debtor, and not on behalf of any creditor or entity, except otherwise set forth herein.

The First Interim Fee Application includes fees and costs from November 13, 2013 through May 18, 2015 in the total amount of $96,882.98. Prior to the filing of the bankruptcy case, your Applicant received a pre-petition retainer of $10,000. Prior to the filing of the bankruptcy, your Applicant accrued fees and costs in the amount of $5,072.75 which were then paid from the retainer leaving an account balance of $4,927.25 as the date of petition. Since the date of the petition, your Applicant has drawn down its retainers for fees and costs incurred in

First Interim Application by KNB&K for Compensation
for Services Rendered as Attorneys for the Debtor
-3-
Case: 13-32456    Doc# 191    Filed: 06/02/15    Entered: 06/02/15 11:14:06    Page 3 of 15

connection with representation of the Debtor in this case. As the date of this application, your Applicant has drawn down and paid fees and costs from the pre-petition retainer received in the amount of $4,927.25.

Your Applicant has kept detailed computer records of time spent and charges incurred in connection with the representation of the Debtor in this case. Your Applicant has further analyzed said billing statements in order to comply with the requirement of project billing. Your Applicant has organized said projects in the following categories:

    A.  Case Administration

    B.  Relief from Stay Motions

    C.  Objection to Claim

    D.  Plan and Disclosure Statement

    E.  Evaluation Hearing

    F.  Sale of Property

    G.  Cash Collateral

    H.  Maturity Fee

**A.    General Case Administration**

    1.    <u>Preparation of Bankruptcy Documents</u>

Your Applicant prepared the Bankruptcy Petition, Schedules, and Statement of Financial Affairs filed by the Debtor as well as advising the Debtor concerning the contents thereof. Your Applicant conferred with the Debtor regarding its obligations as a debtor-in-possession and the various requirements and obligations of the Debtor under the Bankruptcy Code and the United States Trustee's Guidelines for Chapter 11 cases.

    2.    <u>Initial Debtor Interview and Meeting of Creditors</u>

Your Applicant prepared for and appeared with the Debtor at the Initial Debtor Interview conducted by the Office of the United States Trustee as well as appearing with the Debtor at the first Meeting of Creditors conducted pursuant to 11 U.S.C. §341(a). Your Applicant advised the Debtor regarding its requirements for timely filing monthly operating reports as well as other documents necessary to comply with the Debtor's obligations under the Bankruptcy Code.

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

First Interim Application by KNB&K for Compensation
for Services Rendered as Attorneys for the Debtor
-4-
Case: 13-32456    Doc# 191    Filed: 06/02/15    Entered: 06/02/15 11:14:06    Page 4 of 15

### 3. Status Conference

Your Applicant prepared and filed a Status Conference Statement and appeared with the Debtor at the scheduled status conference in the Bankruptcy Court.

### 4. Joint Administration

Your Applicant prepared and filed an Application for Joint Administration in the bankruptcy case and obtained an order administrating and consolidating this case on December 5, 2013.

### 5. Special Counsel

Your Applicant also drafted the employment applications of other professionals, including special counsel, to assist the Debtor in the bankruptcy case. Your Applicant assisted on preparing the application to employ the aforementioned professionals and obtained the orders of the bankruptcy court authorizing the Debtor to employ the professionals.

### 6. Motion to Dismiss

Your Applicant reviewed the Motion to Dismiss filed by the United States Trustee and Penn Equities. Your Applicant filed an opposition to both. The motion by the United States Trustee was resolved without hearing and the Court denied the motion filed by Penn Equities.

### 7. General Matters

Your Applicant had numerous meetings, telephone conferences and email communications with the Debtor to discuss various issues regarding the case, claims, issues in the case, issues relating to the property, dealings with its secured creditor and other matters relating to the Chapter 11 bankruptcy case.

Your Applicant spent 39.65 hours in connection with the General Case Administration regarding the Chapter 11 case. The reasonable value of these services in connection with this portion of the representation is $13,374.25. A complete breakdown of fees billed in connection with the General Case Administration is attached hereto as Exhibit A. Your Applicant incurred costs in connection with this aspect of the case in the amount of $969.23. A breakdown of costs incurred is attached hereto as Exhibit B.

### B. Relief from Stay Motions/Single Asset Real Estate Case

Both of the Debtor's secured lenders, Infinity and Penn Equities filed Motions for Relief from Stay. Your Applicant reviewed the motions and filed oppositions to those motions. Your Applicant appeared at the hearing of the Motion for Relief from Stay at the scheduled hearing.

In addition, your Applicant reviewed the motion to have this case deemed a Single Asset Real Estate case and filed the appropriate response. Your Applicant spent 12.0 hours in connection with the Relief from Stay Motions/Single Asset Real Estate Case. The reasonable value of these services in connection with this portion of the representation is $4,620.00. A complete breakdown of fees billed in connection with the Relief from Stay Motion/Single Asset Real Estate Case is attached hereto as <u>Exhibit C</u>.

### C. Objection to Claim

Prior to the approval of the motion to sell the property, the Debtors discovered that Penn Equities is not a licensed real estate lender in the State of California. As such, the Debtor holds a claim against Penn Equities based on charging usurious interest rates on the underlying loan. The amount of this claim could be as high as $3,198,067, plus punitive damages and attorneys' fees.

Your Applicant reviewed the loan documents, the applicable law regarding usury and discussed the issues with the Debtor. Your Applicant prepared several pleadings in this case regarding the Objection to Claim including an Objection to Claim and an Amended Objection to Claim. Your Applicant reviewed the various responses filed by Penn Equities and responded appropriately.

Due to these services performed, the Debtor was able to obtain an Amended Order which allowed the Debtor to reserve its rights against Penn Equities to recover the money paid to Penn Equities under the Amended Order. In addition, the Amended Order reserved jurisdiction for the bankruptcy court to hear this objection to claim in this bankruptcy case.

Your Applicant spent 66.25 hours in connection with the Objection to Claim. The reasonable value of services in connection with the portion of representation is $25,713.50. A complete breakdown of fees billed in connection with the Objection to Claim is attached hereto as <u>Exhibit D</u>.

First Interim Application by KNB&K for Compensation
for Services Rendered as Attorneys for the Debtor
-6-
Case: 13-32456   Doc# 191   Filed: 06/02/15   Entered: 06/02/15 11:14:06   Page 6 of 15

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

### D. Plan and Disclosure Statement

Prior to the decision to sell the property, the Debtors filed a Plan and Disclosure Statement. Your Applicant researched the applicable law regarding various aspects of the Plan and Disclosure Statement, conferred with the client and counsel, and prepared and filed a Plan and Disclosure Statement.

Your Applicant prepared and attended the hearing on the Disclosure Statement. After comments were made by the Court your Applicant made revisions to the Disclosure Statement and prepared a First Amended Plan and Disclosure Statement. Furthermore, the Plan and Disclosure Statement received objections from various secured creditors and then dealt with those accordingly.

The Amended Disclosure Statement was not filed approved and a plan never confirmed. However, the Plan and Disclosure Statement was necessary due to the fact that this was a Single Asset Real Estate case and the Debtor at the time, had a feasible Plan of Reorganization that could be approved by this bankruptcy court.

Your Applicant spent 39.35 hours in connection with the Plan and Disclosure Statement. The reasonable value of services in connection with the portion of representation is $15,154.75. A complete breakdown of fees billed in connection with the Plan and Disclosure Statement is attached hereto as Exhibit E.

### E. Valuation Hearing

Both of the secured creditors, Infinity and Penn Equities, along with the Debtor, requested that the Court hold a Valuation Hearing under 11 U.S.C. § 506. The Valuation Hearing was necessary to establish the value of the Property for the Plan and Disclosure Statement as well as a potential sale of the asset.

Your Applicant researched law regarding the issues arising in the Valuation Hearing. Your Applicant attended the depositions of the experts and reviewed all the documents produced by the various experts in discovery. Your Applicant reviewed the briefs filed by both Penn and Infinity, consulted with the Debtor and prepared for a hearing. Your Applicant attended a one-day hearing, cross-examined witnesses and made arguments regarding the valuation of the Property.

First Interim Application by KNB&K for Compensation
for Services Rendered as Attorneys for the Debtor
-7-
Case: 13-32456    Doc# 191    Filed: 06/02/15    Entered: 06/02/15 11:14:06    Page 7 of 15

Ultimately, the Court issued a Memorandum Decision on Value of Debtor's Real Property.

Your Applicant spent 9.75 hours in connection with the Evaluation Hearing. The reasonable value of services in connection with the portion of representation is $3,753.75. A complete breakdown of fees billed in connection with the Evaluation Hearing is attached hereto as Exhibit F.

### F. Sale of Property

Your Applicant drafted the Application to Employ Real Estate Broker to sell the Property. After an offer was accepted for the sale of the Property, your Applicant filed a Motion to Sell the Property Free and Clear of Liens and supporting documents. Your Applicant also reviewed the sale documents and contracts and made appropriate revisions. Your Applicant reviewed the objections filed by various creditors in this case and responded where appropriate.

Your Applicant appeared at the hearing on the Sale of Property.

During this process, another buyer became interested in the Property and the Debtor explored the possibility of having the new buyer make an overbid to purchase the Property. This new buyer ultimately was not interested in buying the Property out of bankruptcy.

During the closing of the Property, your Applicant dealt with the title company regarding the necessary terms of an order that would enable the title company to provide title insurance to the Property. Your Applicant drafted and prepared the Amended Order and negotiated the terms with the secured creditors. Ultimately, the Debtor obtained the Amended Order which, as set forth above, provided payments for the secured creditors and reserved the Debtor's rights regarding claims against Penn Equities.

This sale process was contentious and complex and required a significant amount of time and effort by your Applicant along with the debtor's principles.

Your Applicant spent 57.55 hours in connection with the Sale of Property. The reasonable value of services in connection with this portion of representation is $22,299.25. A complete breakdown of fees billed in connection with the Sale of Property is attached hereto as Exhibit G.

//
//

### G. Cash Collateral

When this case was initially filed, the tenant of the Property, Crunch, had the right to offset rent on tenant improvements it made prior to moving in. Once this credit was "burned off" then Crunch started paying rent to the Debtor. Once the Debtor started receiving rent, it negotiated a Cash Collateral stipulation with the secured creditors. The Debtor then filed a Motion for Approval of the Cash Collateral and ultimately obtained an Order Approving the Use of Cash Collateral.

Your Applicant spent 10.45 hours in connection with the Cash Collateral issues. The reasonable value of the services in connection with this portion of representation is $4,024.50. A complete breakdown of fees billed in connection with the Cash Collateral Statement is attached hereto as Exhibit H.

### H. Maturity Fee

A subset of the Objection to the Penn Equities claim was Penn Equity's assertion that it had a right to a maturity fee of ten percent (10%) of the principle loan of $2,300,000, or $230,000. In order to successfully sell the Property, the Debtor was required to resolve this issue as it did not have sufficient funds to pay the maturity fee necessary to close. Your Applicant prepared and filed an Order Shortening Time and obtained an order. Your Applicant filed a brief setting forth the legal arguments regarding the maturity fee, reviewed the reply by Penn Equities and attended the hearing on the objection to the maturity fee. The Court sustained the objection to the Maturity Fee. Your Applicant prepared and filed an Order which was entered by this court.

Your Applicant spent 9.25 hours in connection with the Maturity Fee Objection. The reasonable value of the services in connection with this portion of representation is $3,561.25. A complete breakdown of fees billed in connection with the Maturity Fee Statement is attached hereto as Exhibit I.

### REASONABLE VALUE OF SERVICES PERFORMED

By this application, your Applicant seeks approval of fees in the amount of $95,913.75 and costs in the amount of $969.23. Your Applicant spent 8.75 hours with the value of $3,412.50 in connection with reviewing the files, preparing the Fee Application for which amounts to

approximately 3.6% of the total fees sought herein.

Your Applicant spent 8.75 hours in connection with the preparation of the Fee Application. The reasonable value of these services in connection with this portion of the representation is $3,412.50. A complete breakdown of fees billed in connection with the preparation of the Fee Application is attached hereto as Exhibit J.

For the most part, services were rendered by Chris D. Kuhner, Eric A. Nyberg and Nancy L. Nyberg, designated on the attached billing statements as "CDK," "EAN," and "NLN." Attached as Exhibit K are the resumes of the paraprofessionals who have rendered services in this case. All work done by paraprofessionals was not clerical in nature and, were said services not provided by paraprofessional, some would have been provided by counsel at substantially higher rates.

Attached hereto as Exhibit L is an account summary, including hours spent by each attorney and paraprofessional, their respective billing rates and the total hours spent. Attached hereto as Exhibit M is a summary of costs. Said costs have been billed at the actual expense incurred by your Applicant. With regard to cost advance, photocopies have been charged at the rate of .20 cents per page and facsimile charges are only charged for incoming faxes at $0.20 cents per page in compliance with the United States Trustee's Guidelines for Compensation.

During the period covered by this Fee Application, your Applicant's records indicate that it spent a total of 253.0 hours and incurred total fees in the amount of $95,913.75 and total costs of $969.23. Your Applicant has been paid from its retainer account $5,072.75 pre-petition and $4,927.25 post petition, leaving an unpaid balance of fees and costs as of the date of this application of 86,882.98.

**WHEREFORE,** your Applicant prays for an order that the following fees and costs be awarded and that the Debtor be authorized to pay the unpaid balance of fees and costs forthwith.

1. Approving total of attorneys' fees to Kornfield, Nyberg, Bendes & Kuhner, P.C. in the sum of $95,913.75

2. Approving total costs to Kornfield, Nyberg, Bendes & Kuhner, P.C., in the sum of $969.23;

3. An order authorizing the Debtor to pay the unpaid balance of fees and costs after credits for amounts paid from the retainer from any capital contributions made by the owners of the Debtor. Any funds recovered from any third parties, including Penn Equities, will be subject to a further court order. Any payment of fees from recovery of funds from any third party will be subject to a further court order; and

4. Any further orders that this court deems proper and just.

Dated: May 29, 2015                              KORNFIELD, NYBERG, BENDES & KUHNER, P.C.

By: /s/ Chris D. Kuhner
   (Bar No. 173291)
   Attorneys for Debtor Arce Riverside, LLC

First Interim Application by KNB&K for Compensation for Services Rendered as Attorneys for the Debtor

-11-

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

## STATEMENT OF DEBTOR

I, George Arce, declare as follows:

1. I am the Managing Member of the debtor and debtor-in-possession, Arce Riverside, LLC, in the above-referenced Chapter 11 bankruptcy case.

2. I am familiar with the within application and the facts therein are true to my knowledge and belief.

3. The debtor has no objections to the fees and costs incurred by Kornfield, Nyberg, Bendes & Kuhner, P.C. as stated in the within application.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 29th day of May, 2015 at Redwood Shores, California.

/s/ George Arce

# VERIFICATION

I, Chris D. Kuhner, declare as follows:

1. That I am a shareholder of Kornfield, Nyberg, Bendes & Kuhner, P.C.

2. That I am familiar with the above application and the facts therein are true to my knowledge and belief. The copies of the billing statements are true and correct copies of Kornfield, Nyberg, Bendes & Kuhner, P.C.'s billing statements for this case.

3. That the billing statements issued for this case are attached to this Fee Application are true and accurate and the time entries reflected in these billing statements represent the services rendered and costs incurred by Kornfield, Nyberg, Bendes & Kuhner, P.C. as counsel for the Debtor in connection with this case.

4. That the firm of Kornfield, Nyberg, Bendes & Kuhner, P.C. has not been paid or promised any compensation from any other source for services rendered in connection with this case.

5. That Kornfield, Nyberg, Bendes & Kuhner, P.C. has not entered into any agreement or understanding with any other entity for the sharing of compensation received or to be received for services rendered and/or to be rendered in connection with this case.

6. That to the best of my knowledge, information and belief, the compensation and expense reimbursement sought herein is in conformity with the <u>Guidelines for Compensation and Expense Reimbursement of Professional</u> for the United States Bankruptcy Court for the Northern District of California, except to the extent set forth in the application.

7. That this application is submitted in accordance with Guideline No. 8 of the Guidelines for Compensation and Expense Reimbursement of Professionals for the United States Bankruptcy Court for the Northern District of California except for Section C is in excess of the $25,000 matter limit.

8. That the compensation and expenses sought herein were billed at rates no less favorable than those customarily billed by applicants and generally accepted by the applicant's clients.

///

1  I declare under penalty of perjury that the foregoing is true and correct and that this
2  Verification was executed this 29th day of May, 2015 at Oakland, California.

/s/ Chris D. Kuhner

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 225, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes & Kuhner, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 2, 2015, I served the following document(s):

**FIRST INTERIM APPLICATION BY KORNFIED, NYBERG, BENDES & KUHNER, P.C. FOR COMPENSATION FOR SERVICES RENDERED AS ATTORNEYS FOR THE DEBTOR (ARCE RIVERSIDE LLC)**

by placing copies of said document(s) in sealed envelope(s) and served in the manner or manners described below addressed as follows:

U.S. Trustee
1301 Clay Street, Suite 690N
Oakland, CA 94612-5202

I placed such envelope(s) for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee(s) designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of June, 2015 at Oakland, California.

/s/ Gail A. Michael