CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: c.kuhner@kornfieldlaw.com

Attorneys for Debtor Arce Riverside, LLC

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ARCE RIVERSIDE, LLC,<br><br>Debtor. | Case No. 13-32456 DM<br><br>Chapter 11<br>(Jointly Administered with<br>Case No. 13-32457 DM) |
| In re<br><br>KERA RIVERSIDE, LLC,<br><br><br><br><br><br><br>Debtor. | Case No. 13-32457 DM<br><br>Chapter 11<br>(Jointly Administered with<br>Case No. 13-32456 DM)<br><br>**SECOND AND FINAL FEE APPLICATION BY KORNFIELD, NYBERG, BENDES & KUHNER, P.C. FOR COMPENSATION FOR SERVICES RENDERED AS ATTORNEYS FOR THE DEBTOR (ARCE RIVERSIDE, LLC)** |
| | Date: November 6, 2015<br>Time: 9:30 a.m.<br>Ctrm: 22<br>      U.S. Bankruptcy Court<br>      235 Pine Street<br>      San Francisco, California |

//
//

TO: THE HONORABLE DENNIS MONTALI, U.S. BANKRUPTCY JUDGE:

The application of Kornfield, Nyberg, Bendes & Kuhner, P.C. ("Applicant") respectfully represents as follows:

1. The above-referenced Chapter 11 bankruptcy case was initiated by filing a Voluntary Petition on November 12, 2013. Arce Riverside, LLC is the debtor and debtor-in-possession in the above-referenced bankruptcy case (the "Debtor"). This case was administratively consolidated with Kera Riverside, LLC ("Kera Debtor") on December 3, 2013. The Debtor was the owner of a single parcel of real property located at 10113-10121 Hole Avenue, Riverside, California ("Property"). The Debtor owned ten percent (10%) of the Property and Kera Debtor owned ninety percent (90%) of the Property. The two Debtors operated under an operative agreement which allowed the Debtors to share the income and pay the expenses on a prorated basis.

2. Your Applicant has kept separate time records for both cases and allocated time and work accordingly.

3. The Property was 100% leased to Crunch LA, Riverside, LLC dba Crunch Fitness ("Crunch") as a sole tenant with a ten-year lease which commenced on August 2002 with two five-year options. The Debtor initially filed a Plan of Reorganization, but ultimately sold the Property pursuant to an Amended Order Granting Order Motion to Sell Assets Free and Clear of Liens, Encumbrances and Interests ("Sale Order") entered by this Court on January 7, 2015. Pursuant to the terms of the Sale Order, the Debtors' main secured creditor Penn Equities, LLC was paid $3,198,067 with the Court reserving jurisdiction to hear and rule upon Debtor's objections to the claim and make appropriate adjustments as to the sums claim. The purpose of the Order was to allow the Debtors and Penn Equities to litigate the Debtor's claims against Penn Equities including that Penn Equities charged a usurious interest rate on the underlying loan. The court held a three (3) day trial on the objection on September 1-3, 2015. The Court issued a decision awarding the Debtor $1,375,847, plus attorneys' fees with further briefing on a potential offset by Penn Equities, LLC.

///

4. The final fee application includes fees and costs from May 19, 2015 through the date of this final application in the total amount of $18,525.18. Prior to the filing of this case, your Applicant received a pre-petition retainer of $10,000. Prior to the filing of the bankruptcy, your Applicant incurred pre-petition fees and costs in the amount of $5,072.75, which were then paid from the retainer account prior to the bankruptcy filing, leaving a balance of $4,927.25 as of the date of the petition.

Since the filing of the case, on July 8, 2015, the Court entered an order allowing interim compensation to your Applicant in the amount of $70,200.75[1] in fees and $969.23 in costs. As of the date of this final application, your Applicant has an unpaid balance of $110,480.91.

5. Your Applicant was employed by the Debtor by Order of this court dated December 3, 2013. Your Applicant substituted out as counsel for the Debtors on September 21, 2015

6. Your Applicant has not entered into any agreement, express or implied, with any other party in interest, including Debtor, any creditor or representative, or of any attorney or counsel for any such party in interest for the purpose of fixing fees for the compensation to repay for services rendered or expenses incurred in connection with this case and there is no agreement or understanding between the applicant and other persons for sharing of compensation to be received, for services rendered in, or in connection with this case. Again, to be clear, the owners will be making capital contributions which your Applicant is asking for authorization to utilize to pay any approved fees and costs.

7. All services for which compensation is requested were performed for, or on behalf of the Debtor, and not on behalf of any creditor or entity, except otherwise set forth herein.

8. Your Applicant has kept detailed computer records of time spent and charges incurred in connection with the representation of the Debtor in this case. Your Applicant has further analyzed said billing statements in order to comply with the requirement of project billing.

---

[1] In response to an informal objection by Penn, your Applicant deferred consideration of the fees and costs incurred related to the claim objection. In this final application, your Applicant is asking for the fees and cost to be approved, as well as all other fees and costs on a final basis.

Your Applicant has organized said projects in the following categories:

    A. Case Administration

    B. Trial Preparation and Trial

    C. Settlement Negotiations

    D. Substitution of Attorney and Withdrawal as Counsel

    E. Fee Application

**A. General Case Administration**

Your Applicant assisted the Debtor with the preparation and review of the Monthly Operating Reports. Your Applicant had several phone calls with the Debtor regarding the case status.

Your Applicant spent 1.40 hours in connection with the General Case Administration regarding the Chapter 11 case. The reasonable value of these services in connection with this portion of the representation is $329.00. A complete breakdown of fees billed in connection with the General Case Administration is attached hereto as <u>Exhibit A</u>. Your Applicant incurred costs in connection with this aspect of the case in the amount of $22.18. A breakdown of costs incurred is attached hereto as <u>Exhibit B</u>.

**B. Trial Preparation and Trial**

Your Applicant advised the Debtor regarding procedural and substantive issues relevant to the trial and the objection to Penn's claim. Your Applicant researched law, reviewed deposition transcripts, reviewed and revised pleadings filed in the matter and provided general advice about the trial procedures of the Court.

Your Applicant attended part of the trial and provided insight and support when needed.

Your Applicant spent 26.90 hours in connection with the Trial Preparation and Trial of this case. The reasonable value of these services in connection with this portion of the representation is $10,491.00. A complete breakdown of fees billed in connection with the Trial Preparation and Trial is attached hereto as <u>Exhibit C</u>.

///

///

Second and Final Application by KNB&K for
Compensation for Services Rendered as Attorneys for the Debtor
-4-

Case: 13-32456  Doc# 240  Filed: 10/09/15  Entered: 10/09/15 11:32:53  Page 4 of 10

### C. Settlement Negotiations

Your Applicant advised the Debtor's regarding settlement negotiations with Penn before, during, and after the trial.

Your Applicant spent 12.60 hours in connection with the Settlement Negotiations portion of the case. The reasonable value of services in connection with the Settlement Negotiations is $4,949.00. A complete breakdown of fees billed in connection with the Objection to Claim is attached hereto as Exhibit D.

### D. Substitution of Attorney and Withdrawal as Counsel

Your Applicant researched law and prepared all necessary documents to withdraw as counsel on shortened time. Your Applicant was substituted out as counsel, therefore the Motion to Withdraw as Counsel was not filed.

Your Applicant spent 5.35 hours in connection with the Substitution of Attorney and Withdrawal of Counsel. The reasonable value of services in connection with the portion of representation is $2,086.50. A complete breakdown of fees billed in connection with the Plan and Disclosure Statement is attached hereto as Exhibit E.

### E. Fee Application

Your Applicant attended the hearing on the First Interim Fee Application.

Your Applicant reviewed its time records, categorized them with compliance with the local fee guidelines and prepared your Applicant's final fee application for compensation.

Your Applicant spent 3.25 hours in connection with this Final Fee Application. The reasonable value of the services in connection with this portion of the representation is $647.50. Said fees represent 3.5% of the total compensation sought by way of the Final Fee Application. A complete breakdown of fees billed in connection with the Fee Applications is attached hereto as Exhibit F

### REASONABLE VALUE OF SERVICES PERFORMED

By this application, your Applicant seeks approval of fees in the amount of $18,503.00 and costs in the amount of $22.18 covering the time period of May 19, 2015 to the end of this application. Your Applicant spent 3.25 hours with the value of $647.50 in connection with

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

Second and Final Application by KNB&K for
Compensation for Services Rendered as Attorneys for the Debtor
-5-
Case: 13-32456    Doc# 240    Filed: 10/09/15    Entered: 10/09/15 11:32:53    Page 5 of 10

reviewing the files, preparing the Fee Application for which amounts to approximately 3.5% of the total fees sought herein.

In addition, your Applicant seeks final approval of fees in the amount of $95,913.75 and costs in the amount of $969.23 which were previously approved by the court. The balance of $91,955.73 remains unpaid at the time of this application.

The total amount of the final compensation and costs advanced for which approval is sought is $115,408.16 of which $110,480.91 remains unpaid and your Applicant seeks approval for the Debtor to pay said amounts forthwith.

For the most part, services were rendered by Chris D. Kuhner, Eric A. Nyberg and Nancy L. Nyberg, designated on the attached billing statements as "CDK," "EAN," and "NLN." Attached as <u>Exhibit G</u> are the resumes of the paraprofessionals who have rendered services in this case. All work done by paraprofessionals was not clerical in nature and, were said services not provided by paraprofessional, some would have been provided by counsel at substantially higher rates.

Attached hereto as <u>Exhibit H</u> is an account summary, including hours spent by each attorney and paraprofessional, their respective billing rates and the total hours spent. Attached hereto as <u>Exhibit I</u> is a summary of costs. Said costs have been billed at the actual expense incurred by your Applicant. With regard to cost advance, photocopies have been charged at the rate of .20 cents per page and facsimile charges are only charged for incoming faxes at $0.20 cents per page in compliance with the <u>United States Trustee's Guidelines for Compensation</u>.

During the period covered by this Fee Application, your Applicant's records indicate that it spent a total of 49.50 hours and incurred total fees in the amount of $18,503.00 and total costs of $22.18. Your Applicant has been paid from its retainer account $5,072.75 pre-petition and $4,927.25 post petition, leaving an unpaid balance of fees and costs as of the date of this application of $110,480.91.

**WHEREFORE,** your Applicant prays for an order that the following fees and costs be awarded and that the Debtor be authorized to pay the unpaid balance of fees and costs forthwith.

///

1. Approving total of attorneys' fees to Kornfield, Nyberg, Bendes & Kuhner, P.C. in the sum of $114,416.75

2. Approving total costs to Kornfield, Nyberg, Bendes & Kuhner, P.C., in the sum of $991.41;

3. Approving the unpaid fees incurred with the current fee application to Kornfield, Nyberg, Bendes & Kuhner, P.C. in the sum of $18,503.00 and costs of $22.18:

4. An order authorizing the Debtor to pay the unpaid balance of fees and costs of $110,480.91 to Kornfield, Nyberg, Bendes & Kuhner, P.C.; and

5. Any further orders that this court deems proper and just.

Dated: October _9, 2015    KORNFIELD, NYBERG, BENDES & KUHNER, P.C.

By: /s/ Chris D. Kuhner
(Bar No. 173291)
Attorneys for Debtor Arce Riverside, LLC

# VERIFICATION

I, Chris D. Kuhner, declare as follows:

1. That I am a shareholder of Kornfield, Nyberg, Bendes & Kuhner, P.C.

2. That I am familiar with the above application and the facts therein are true to my knowledge and belief. The copies of the billing statements are true and correct copies of Kornfield, Nyberg, Bendes & Kuhner, P.C.'s billing statements for this case.

3. That the billing statements issued for this case are attached to this Fee Application are true and accurate and the time entries reflected in these billing statements represent the services rendered and costs incurred by Kornfield, Nyberg, Bendes & Kuhner, P.C. as counsel for the Debtor in connection with this case.

4. That the firm of Kornfield, Nyberg, Bendes & Kuhner, P.C. has not been paid or promised any compensation from any other source for services rendered in connection with this case.

5. That Kornfield, Nyberg, Bendes & Kuhner, P.C. has not entered into any agreement or understanding with any other entity for the sharing of compensation received or to be received for services rendered and/or to be rendered in connection with this case.

6. That to the best of my knowledge, information and belief, the compensation and expense reimbursement sought herein is in conformity with the <u>Guidelines for Compensation and Expense Reimbursement of Professional</u> for the United States Bankruptcy Court for the Northern District of California, except to the extent set forth in the application.

7. That this application is submitted in accordance with Guideline No. 8 of the Guidelines for Compensation and Expense Reimbursement of Professionals for the United States Bankruptcy Court for the Northern District of California except for Section C is in excess of the $25,000 matter limit.

8. That the compensation and expenses sought herein were billed at rates no less favorable than those customarily billed by applicants and generally accepted by the applicant's clients.

///

Second and Final Application by KNB&K for Compensation for Services Rendered as Attorneys for the Debtor

-9-

Case: 13-32456    Doc# 240    Filed: 10/09/15    Entered: 10/09/15 11:32:53    Page 8 of 10

I declare under penalty of perjury that the foregoing is true and correct and that this Verification was executed this 9th day of October, 2015 at Oakland, California.

/s/ Chris D. Kuhner

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 225, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes & Kuhner, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 9, 2015, I served the following document(s):

**SECOND AND FINAL APPLICATION BY KORNFIED, NYBERG, BENDES & KUHNER, P.C. FOR COMPENSATION FOR SERVICES RENDERED AS ATTORNEYS FOR THE DEBTOR (ARCE RIVERSIDE LLC)**

by placing copies of said document(s) in sealed envelope(s) and served in the manner or manners described below addressed as follows:

| | |
|---|---|
| Office of the U.S. Trustee / SF<br>Attn: Minnie Loo<br>235 Pine Street, Suite 700<br>San Francisco, CA 94104 | JUDITH J. RENTSCHLER,<br>RENTSCHLER / TURSI LLP<br>411 Borel Avenue, Suite 510<br>San Mateo, California 94402 |

I placed such envelope(s) for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee(s) designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of October, 2015 at Oakland, California.

/s/ Nancy L. Nyberg