

Signed and Filed: December 30, 2015

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ARCE RIVERSIDE, LLC,<br><br>                  Debtor. | ) Case No. 13-32456DM<br>) Chapter 11<br>)<br>)<br>) |
| In re<br><br>KERA RIVERSIDE, LLC,<br><br>                  Debtor. | ) Case No. 13-32457DM<br>) Chapter 11<br>)<br>)<br>) |

      MEMORANDUM DECISION ON CALCULATION OF USURY DAMAGES

*I.    PROCEDURAL BACKGROUND*

Following a two-day trial on September 1 and 2, 2015, on the objection of Arce Riverside, LLC ("Arce") and Kera Riverside, LLC ("Kera") (collectively, "Debtors") to the claim (twice amended) of Penn Equities, LLC ("Penn"), the court issued a memorandum decision on September 28 sustaining the Debtors' objection and disallowing usurious interest paid to Penn. While it held that Penn should repay usurious interest, the court requested further briefing by the parties on one specific issue:

> Can a party forced to repay usurious interest paid before and after maturity claim an offset for post-maturity interest at a lawful rate of interest from

-1-

the date of maturity, October 31, 2013, to the date of
payment January 23, 2015?  If so, what is the correct
rate, seven or ten percent?

The parties submitted simultaneous briefs not only addressing these specific issues but also raising others such as whether the statute of limitations precludes certain usury claims by Debtors and whether Penn must also repay the extension fee and the attorneys' fees it received.  The court therefore held a subsequent hearing on October 21, 2015, to permit the parties to present their oral arguments on these issues.  While the issues were narrowed somewhat at that hearing, the parties requested and the court allowed further briefing.  Debtors filed their post-argument brief on October 30, 2015, and Penn submitted its responsive brief on November 9, 2015.

*II. ISSUES PRESENTED*

    A.    Are Debtors barred by the applicable statute of limitations from recovering usurious interest paid prior to November 12, 2011 (two years before the petition date of November 12, 2013)?

    B.    May Penn recover interest that accrued on the principal from the time the loan matured until payment of the loan in full?  If so, what is the rate of that interest?

    C.    Are Debtors entitled to prejudgment interest?

    D.    What items should be included or excluded from the determination of the amount of usurious interest which should be returned to Debtors?

*III. DISCUSSION*

    **A.**    **Applicable Statute Of Limitations**

Under California Code of Civil Procedure ("CCP") section 339, a borrower who commences an usury action against a lender can

-2-

Case: 13-32456   Doc# 257   Filed: 12/30/15   Entered: 12/30/15 16:42:21   Page 2 of 11

recover only the usurious interest paid to a lender in the two years preceding the filing of the complaint. *Stock v. Meek*, 35 Cal. 2d 809, 221 P.2d 15 (1950). However, if the lender brings an action on the debt, the borrower may cross complain for repayment of *all* usurious interest paid, whenever paid. The two-year limitations period is inapplicable. *Shirley v. Britt*, 152 Cal. App. 2d 666, 670 313 P.2d 875 (Ct. App. 1957). "Where the lender brings an action to recover an indebtedness, none of the usurious payments, nor payments on renewal notes, are barred by limitation so as to preclude their use in the reduction of the principal debt." *Simmons v. Patrick*, 211 Cal. App. 2d 383, 390, 27 Cal. Rptr. 347, 353 (Ct. App. 1962) (citing *Shirley v. Britt*).

Arce filed its chapter 11 petition on November 12, 2013. Pursuant to 11 U.S.C. § 108, which extends limitation periods for two years from the petition date, Debtors were and are not barred from pursuing or recovering usurious interest paid on or after November 12, 2011. A more difficult question is whether Debtors can recover usurious interest paid prior to November 12, 2011, which in turn depends on whether Penn brought an action on the debt or whether Debtors demanded recovery of the usurious interest independently and not in response to an action commenced by Penn.

Here, Penn did not file an adversary proceeding or lawsuit for recovery of the principal and interest. Debtors likewise did not file an action against Penn for recovery of the usurious interest. Rather, Penn chose to file and amend its proof of claim to include a demand for all of the debt (including usurious interest), and Debtors sought an offset of the usurious interest. The court finds and concludes that for the purposes of determining

-3-

the limitations period for Debtors' usury claims, Penn's filing of its claim commenced an action against the Debtors and the Debtors' objection asserting usury constituted a counterclaim. As explained in a recent decision of the Bankruptcy Appellate Panel for the Ninth Circuit:

> **The filing of a proof of claim is analogous to filing a complaint in the bankruptcy case.** (Multiple citations omitted). **And a claim objection by the debtor is analogous to an answer.** *O'Neill v. Cont'l Airlines (In re Cont'l Airlines)*, 928 F.2d 127, 129 (5th Cir. 1991) ("[T]he filing of a proof of claim is analogous to the filing of a complaint in a civil action, with the bankrupt's objection the same as the answer."); *In re Cruisephone*, Inc., 278 B.R. 325, 330 (Bankr. E.D.N.Y. 2002) (**"In the bankruptcy context, a proof of claim filed by a creditor is conceptually analogous to a civil complaint, an objection to the claim is akin to an answer or defense and an adversary proceeding initiated against the creditor that filed the proof of claim is like a counterclaim."**).

*Brosio v. Deutsche Bank Nat'l Trust Co. (In re Brosio)*, 505 B.R. 903 (9th Cir. BAP 2014) (emphasis added).

While the *Brosio* panel set forth this law in the context of determining whether a debtor was "prevailing party" for the purposes of California Civil Code section 1717 simply because she successfully objected to a creditor's claim, its analysis of the procedural posture of a claim and claim objection applies here as well. The court therefore concludes that Penn "brought an action" by filing its proof of claim and actively and aggressively pursuing its remedies in the course of the bankruptcy case, and the usury defenses and claims of the Debtors are in the nature of

-4-

counterclaims, thus rendering the two-year statute of limitations inapplicable here. Debtors are therefore entitled to recover all usurious interest payments, even those preceding November 12, 2011, subject to an offset in the amount of post-maturity interest to which Penn is entitled (as discussed in section III(B) below). That amount (excluding the offset) is $1,375,847.00, as the court concluded in section II(G)(5) of its Memorandum Decision on Objection to Second Amended Claim (at 25:3-4) entered on September 28, 2015.[1]

**B.    Penn's Entitlement To Post-Maturity Interest**

The underlying loan matured on October 15, 2013, and all outstanding interest on the loan was paid to Penn on January 23, 2015. The court must determine whether Penn is entitled to post-maturity interest that accrued between those two dates and, if so, the appropriate rate of such interest.

When a transaction is usurious, the creditor can recover only the principal but not any interest that accrues during the term of the loan and before the debt is due. *Epstein v. Frank*, 125 Cal. App. 3d 111, 122-23, 177 Cal. Rptr. 831 (Ct. App. 1981). After the debt has matured, however, a debtor who wrongfully withholds payment is obligated to pay prejudgment interest at the legal rate from the date of maturity until the date of the judgment (or, as here, until the date of payment). *Id.; see also* 11 *Miller & Starr Cal. Real Est.* § 37:43 (4th ed.) (citing *Epstein*). A leading

---

[1] Penn contends that the court improperly included $848,067.00 in interest that was never paid. The court will not revisit this fact-finding, particularly in the context of post-trial briefing on issues of law.

-5-

commentator has succinctly summarized the approach of the California courts:

> The usurious interest provision is void, but the principal of the loan is unaffected. [Multiple citations omitted.] . . . Because the principal of the loan is unaffected, the usurious interest provision results in a note payable at maturity without interest; and the creditor-payee is entitled to interest at the legal rate from the date of maturity to the date of judgment.

1 *Witkin,* Contracts § 468 (10th ed. 2015 supp.).

One California bankruptcy court has published a decision similarly addressing and resolving the issues presented here. In *Fox v. Peck Iron & Metal Co.*, 25 B.R. 674, 693 (Bankr. S.D. Cal. 1982), the court concluded that all usurious interest paid by the debtor should be applied against the principal before any calculation of the lender's post-maturity interest. *Id.* at 693 ("[I]f interest in excess of the legal limit is charged, it renders the interest provisions of the contract void. (Citations omitted). However, even where usury is found, the lender has a right to recover the principal amount of the note when due, and payments on the loan, even though called interest, will be deemed principal repayment until that total is paid in full."].

The *Fox* court – like other courts holding that the lender charging usurious interest can recover post-maturity interest at the legal rate – relies on *Epstein,* where the court held that inclusion of a usurious interest provision essentially results in a note payable at maturity without interest. The payee of such a noninterest-bearing note is entitled to interest at the legal rate from the date the note matures until the date of judgment (or, in this case, payment in full). *Epstein*, 125 Cal. App. 3d at 122-23.

-6-

> In such instances interest is awarded in the nature of damages for the retention of the principal amount of the note and not by virtue of any provision in the note. By analogy, therefore, the payee of a note with a usurious interest provision would be entitled to damages in the nature of interest at the legal rate for that period of time which the obligor on the note withheld the principal beyond the date of maturity.
>
> The denial of interest up until the maturity of the note is a sufficient deterrent against the exacting of usurious interest. The payee, notwithstanding the usury, has the right to recover the principal of the note in full on the date of its maturity. If the obligor improperly withholds payment of this obligation it is neither unjust nor contrary to policy that he be chargeable with interest at the legal rate from the date he was obligated to pay the note until the date he discharges that obligation, or to the date a judgment is rendered against him.

*Id.*

Citing California Civil Code section 3289, Debtors contend that Penn cannot recover post-maturity interest on its usurious loan. Section 3289 provides for recovery of ten percent interest unless the note is secured by real property. Here, the note is secured by real property so Penn is not entitled to ten percent interest, as it concedes in its Response. But Debtors' contention that this precludes Penn from recovering ANY post-maturity interest is unavailing, as California law permits recovery of seven percent interest in such circumstances.

In contrast to California Civil Code 3289(b) (permitting ten percent interest), the California Constitution and Civil Code sections 1916-1 and 1916-2 provide that seven percent interest is recoverable under these circumstances. *Fox*, 25 B.R. at 693-94 (applying the seven percent interest rate of Cal. Civ. Code section 1916-1 and observing that "the payee of a note with a usurious interest provision may be entitled to damages in the

-7-

nature of interest at the legal rate for any time of nonpayment after the date of maturity."). Article XV, section 1 of the California Constitution provides that the rate <u>shall</u> be seven percent unless the Legislature has specifically authorized another rate. The Legislature has not provided a different rate for loans secured for real property, so the seven percent rate applies here. *Miller & Starr* aptly demonstrates why Debtors' no-interest argument is flawed (and why the Legislature may have exceeded its constitutional authority in allowing a ten percent interest on unpaid debts as opposed to unpaid judgments):

> There is an inconsistency between the Constitution and the Civil Code regarding the interest rate applicable after default where the obligation does not provide for interest. The Constitution provides that in the absence of a rate specified by an agreement between the parties, the rate of interest upon a loan or forbearance of any money, goods, or things in action, or on accounts after demand, shall be 7% per annum. This section allows the legislature to provide for a higher rate of interest on judgments not to exceed 10%, but it does not provide express authority to increase the rate on unpaid debts. The Civil Code provides that except in the case of a note secured by a deed of trust on real property: "[I]f a contract []. does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10% per annum after a breach." Thus, the Constitution provides for a maximum rate of 7% on unpaid debts, or if the contract does not provide otherwise, and the legislature has increased the rate to 10% without direct authority.

11 *Miller & Starr Cal. Real Est.* § 37:3 (4th ed.)

In light of the foregoing, Penn is entitled to offset $217,960.92 (the amount of interest accruing at 7% from the date of loan maturity to the date of loan payment) against the amount of the usurious interest ($1,375,847.00) owed to Debtors.

-8-

**C. Debtors' Entitlement To Prejudgment Interest**

Under California Civil Code section 3287, a litigant is entitled to prejudgment interest when its claim is certain or can be calculated. Where damages are susceptible of ascertainment only by judicial determination on conflicting evidence, prejudgment interest should not be awarded. *Fox*, 25 B.R. at 695, *citing Lineman v. Schmid*, 32 Cal. 2d 204, 209-10, 195 P.2d 408 (1948); *Block v. Laboratory Procedures, Inc.*, 8 Cal. App. 3d 1042, 1046-47, 87 Cal. Rptr. 778 (1970). In a factual scenario remarkably similar to this one, the *Fox* court held: "While in an appropriate case a debtor may receive prejudgment interest on his overpayments on a usurious obligation (citation omitted), this is not such a case, for the issues presented required this Court to resolve them based on conflicting evidence. The [plaintiff], therefore, will not receive any interest for the period prior to the judgment being entered."

In the course of this lengthy and hotly contested litigation, the court had to weigh conflicting evidence and decide -- among other things -- whether the subject transaction was a loan or a forbearance, whether Debtors' conduct precluded their claims, and whether the broker exemption applied. Given the multi-day trial, the uncertain and novel legal question, and the flurry of post-petition briefing, this case does not involve a certain or easily-calculable claim. As in *Fox*, this is not an appropriate case for an award of prejudgment interest to Debtors.

**D. Miscellaneous Items To Be Included In Damages**

In their post-trial briefs, the parties raised several other issues pertaining to the proper calculation of damages. The court disposes of them as follows:

(1) The damages should NOT include the $8,000 payment made by the Debtors on September 23, 2011, as that payment was made on an exempt loan. The other $500 was disregarded in the September 28, 2015 Memorandum Decision.

(2) The damages should NOT include $15,000 in modification and extension fees paid on October 15, November 15, and December 15, 2011.

(3) Similarly, the damages should NOT include the $25,000 extension fee paid in April 2013.

(4) The damages DO include the Frandzel Robins attorneys fees of $51,043.84. Penn concedes this point.

IV. *CONCLUSION*

Counsel for Debtors should prepare, serve, and upload a form of judgment that is consistent with this memorandum decision and the memorandum decision entered on September 28, 2015 (as modified herein).

**END OF MEMORANDUM DECISION**

-10-

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | |
| 3 | Judith J. Rentschler, Esq.<br>Rentschler/Tursi LLP<br>411 Borel Ave., Ste. 500 |
| 4 | San Mateo, CA 94402 |

-11-