1  Elizabeth Berke-Dreyfuss (Bar No. 114651)
   **WENDEL, ROSEN, BLACK & DEAN LLP**
2  1111 Broadway, 24th Floor
   Oakland, California 94607-4036
3  Phone: (510) 834-6600
   Fax: (510) 834-1928
4  Email: edreyfuss@wendel.com

5  Judith J. Rentschler, Esq., (Bar No. 77874)
   **RENTSCHLER / TURSI LLP**
6  411 Borel Avenue, Suite 510
   San Mateo, California 94402
7  Phone: (650) 524-1980
   Fax  (650) 524-1985
8  Email: JJRentschler@LandLaws.com

9  Attorneys for Debtors

10

11              UNITED STATES BANKRUPTCY COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                 SAN FRANCISCO DIVISION

14

| 15 | In re, | Case No. 13-32456-DM |
|---|---|---|
| 16 | ARCE RIVERSIDE, LLC, | Chapter 11 (Jointly Administered) |
| 17 | Debtor. | |
| 18 | | **MOTION FOR RECOVERY OF COSTS AND ATTORNEYS FEES AS PREVAILING PARTY** |
| 19 | | |
| 20 | | Date:  February 26, 2016<br>Time:  10:00 a.m.<br>Place:  Courtroom 17, Floor 16<br>450 Golden Gate Ave.<br>San Francisco, CA |
| 21 | | |
| 22 | | Judge:  The Hon. Dennis Montali |
| 23 | | |
| 24 | In re, | Case No. 13-32457-DM |
| 25 | KERA RIVERSIDE, LLC, | Chapter 11 (Jointly Administered) |
| 26 | Debtor. | |
| 27 | | |

28

020255.0001\4183709.1

MOTION FOR RECOVERY OF COSTS AND ATTORNEYS
FEES AS PREVAILING PARTY

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

Elizabeth Berke-Dreyfuss (Bar No. 114651)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: edreyfuss@wendel.com
Counsel for Debtors ARCE RIVERSIDE, LLC and KERA RIVERSIDE, LLC

JUDITH J. RENTSCHLER, Esq., STATE BAR NO. 77874
**RENTSCHLER / TURSI LLP**
411 Borel Avenue, Suite 510
San Mateo, California 94402
Telephone: (650) 524-1980
Facsimile (650) 524-1985
Special Counsel for Debtors ARCE RIVERSIDE, LLC and KERA RIVERSIDE, LLC

RENTSCHLER/TURSI, LLP
411 Borel Avenue, Suite 510
San Mateo, CA 94402
Ph. 650-524-1980

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ARCE RIVERSIDE, LLC,<br><br>Debtor. | Case No. 13-32456 DM<br><br>Chapter 11<br>(Jointly Administered with Case No. 13-32457 DM) |
| In re<br><br>KERA RIVERSIDE, LLC<br><br>Debtor. | Case No. 13-32457 DM<br><br>Chapter 11<br>(Jointly Administered with Case No. 13-322456 DM)<br><br>**MOTION FOR RECOVERY OF COSTS AND ATTORNEYS FEES AS PREVAILING PARTY** |

**TO:  THE HONORABLE DENNIS MONTALI, U.S. BANKRUPTCY JUDGE:**

The application of Rentschler/Tursi LLP ("**Applicant**") respectfully represents as follows:

## I.  BACKGROUND.

The above referenced Chapter 11 Bankruptcy case was initiated by filing a Voluntary Petition on November 12, 2013 by Kera Riverside, LLC. This case was administratively consolidated with Arce Riverside, LLC on December 3, 2013.  Kera Riverside, LLC and Arce Riverside, LLC are collectively referred to as the "**Debtors**" herein.  The Debtors were the owners, as tenants in common, of a single parcel of real property located at 1013-10121 Hole Avenue, Riverside, California (the "**Property**").   The Property was encumbered by a First Note and Deed of Trust (the "**Note**") payable to Penn Equities, the primary secured creditor in this bankruptcy proceeding.   George Arce, Antonette Arce and Neil Wachsberger ("**Guarantors**") each executed personal guarantees of the Note to Penn Equities, and during the pendency of this bankruptcy action, Penn Equities filed and simultaneously pursued a civil action in Superior Court against Guarantors to enforce the personal guaranties (the "**Superior Court Action**").

The Debtor sold the Property pursuant to a stipulated Amended Order Granting Motion to Sell Assets Free and Clear of Liens, Encumbrances, and Interests ("**Stipulated Sale Order**") entered by this Court on January 8, 2015.  Pursuant to the terms of the Stipulated Sale Order, the Debtors' main secured creditor,  Penn Equities, was paid $3,198,067 (which included all principal and interest claimed by Penn, as well as the costs and fees of counsel for Penn up to the date of sale of the Property).  The purpose of the Stipulated Sale Order was to allow the Debtors and Penn Equities to litigate Debtors' objections to Penn Equities' claim, that Penn Equities charged a usurious rate of interest, and therefore that all payments in excess of the $2.31 million principal

2

First Interim Fee Application By Rentschler/Tursi, LLP For
Compensation For Services Rendered As Special Counsel For
The Debtors, Arce Riverside LLC And Kera Riverside, LLC

balance should be restored to the Debtors, and further that the Debtors were entitled to treble damages on that sum, for a potential recovery in excess of $4 million.

The parties stipulated that either the Superior Court or this Bankruptcy Court would hear and resolve claims that could have been made for attorneys fees in the Superior Court action as the prevailing party therein, and it was solely for purposes of determining fees payable as prevailing party in the Superior Court Action that George A. Arce, Jr., Antonette Arce, and Neil Wachsberger (collectively, "**Guarantors**") were individually subjected to the jurisdiction of this Court. Pursuant to the Stipulated Sale Order, Penn Equities dismissed the Superior Court Action. Thus, this Court has jurisdiction by the parties' stipulation to determine Debtors' entitlement to attorneys fees in this action as well as the Guarantors' entitlement to fees in the Superior Court Action.

Counsel for the Guarantors in the Superior Court Action herewith submits a separate application to recover fees and costs as the prevailing party in the Superior Court Action. The Guarantors are entitled to assert the defense of usury to the action on the guaranty (*Martin v. Ajax Construction Co.,* (1954) 124 Cal. App. 2d 425, 431), and this Court's finding of usury would necessarily have defeated Penn's claims against the Guarantors, and the Guarantors are, by reason of this Court's ruling, the prevailing party in the Superior Court Action. The guaranties on which Penn Equities brought the Superior Court action provide that in any litigation, the prevailing party is entitled to collect its attorneys fees and costs from the non-prevailing party.

The loan documents evidencing the Note on which Penn's claim rests likewise provides for the recovery of attorneys fees by the prevailing party.

3

## II. APPOINTMENT AS SPECIAL COUNSEL

Commencing in October, your Applicant was consulted by the Debtors and Mr. Kuhner regarding an evaluation of the loan to determine whether it was usurious. Over the next several months, your Applicant conducted preliminary research and investigation of the possible claim in order to determine whether the claim was viable, and whether your Applicant would be willing to serve as Special Counsel. No portion of the time or services spent prior to the appointment as Special Counsel is included in this fee application.

In February 2015, Debtors filed an Application for Appointment of Counsel for Chapter 11 Debtors and Debtors-in-Possession, seeking the appointment of your Applicant to act as Special Counsel in the litigation surrounding the Debtors' objection to the Second Amended Claim of Penn (the "**Usury Objection**"). The Application was granted by an Order Authorizing Application for Appointment of Special Counsel for Chapter 11 Debtors and Debtors-in-Possession which was entered on February 13, 2015. Penn Equities opposed such appointment, arguing *inter alia* that there were insufficient assets in the Bankruptcy Estate to pay any fees for such representation, and the Court and Counsel acknowledged that your Applicant would only be paid fees through the Court if it was successful in establishing that the loan was usurious, resulting in a monetary recovery to the Debtors. For this reason, no prior interim application for fees has been made.

Your Applicant submits this Fee Application as the prevailing party in connection with the claim and Usury Objection, and asks that this Court award such fees and costs to Debtors and against Penn Equities as set forth herein, and to Guarantor's counsel in the Superior Court Action. Your Applicant further requests that any fees or costs not awarded against Penn Equities be

4

awarded to your Applicant and be paid through the Bankruptcy Court from the proceeds of the judgment against Penn Equities in this case.

Debtors' Usury Objection was vigorously opposed by Penn. Your Applicant conducted discovery, undertook extensive research, drafted briefs, and proceeded to trial before this Court (the "**Trial**"). The purpose of this Fee Application is to (a) obtain the Court's approval of the fees and costs requested, (b) make a determination as to legal fees and costs and enter an Order awarding such legal fees and costs in favor of Debtors as the prevailing party and against Penn Equities, (c) enter an Order awarding the balance of fees and costs incurred to be paid from the Debtors' estate, (d) enter an Order awarding costs and fees to the Guarantors as prevailing party in the Superior Court Action, and (e) enter an amended Judgment accordingly.

This Motion is brought for an award of fees and costs as prevailing party in the trial of the objection to claim of Penn Equities. Costs and fees recoverable against Penn as the prevailing party are subject to Rule 54 of the FRCP, as they are payable by the nonprevailing party as opposed to being an expense to the estate, subject to the Guidelines for Compensation of Professionals in bankruptcy court (the "guidelines"). In an excess of caution, this application is prepared in compliance with the guidelines, with an additional section on costs and fees incurred by the Debtors which your Applicant believes should also be awarded against Penn.

No previous application for compensation has been filed by this Applicant in the case. The Court has previously approved the First Interim Application by KNB&K for Compensation for Services Rendered as Attorneys of the Debtor, as to which none of the fees or costs claimed were those of the Applicant.

5

Your Applicant has not entered into any agreement, express or implied, with any other party in interest, including Debtors, any creditor or representative, or any attorney or counsel for an such party in interest for the purpose of fixing fees for the compensation to repay for services rendered or expenses incurred in connection with this case, and there is no agreement or understanding between the Applicant and any other persons for sharing of compensation to be received for services rendered in, or in connection with, this case.

All services for which compensation is requested were performed for, or on behalf of the Debtors, and not on behalf of any creditor or entity, except as otherwise set forth herein.

Costs and fees limited in accordance with the guidelines includes fees incurred from February 13, 2015 through January 20, 2016 in the total amount of **$171,026.50**, and costs in the amount of **$8,968.98**. Your Applicant received no pre-petition retainer and has received neither compensation nor reimbursement of costs allowable under the guidelines during the pendency of this action. The funds reimbursed by Penn for attorneys fees have been deposited to your Applicant's trust account, but should not be considered in determining the fees owing hereunder.

Costs and fees allowable as prevailing party include travel time and expenses. Your Applicant spent 19.2 hours in travel time, having a reasonable value of **$7,296.** In addition, your Applicant incurred costs relating to travel in the amount of **$1,794.79**.

## III. PROJECT BILLING

Your Applicant has kept detailed computer records of time spent and charges incurred in connection with the representation of the Debtors in this case. Your Applicant has further analyzed said billing statements in order to comply with the requirement of project billing. Your Applicant has organized said projects in the following categories:

6

A.     **General Case Administration**

B.     **Investigation**

C.     **Objection to Claim**

D.     **Written Discovery**

E.     **Preparation for Depositions**

F.     **Attendance at Depositions**

G.     **Legal Research**

H.     **Drafting the Trial Brief**

I.     **Negotiation of Stipulations**

J.     **Preparation for Trial**

K.     **Trial**

L.     **Post-trial Briefing and Hearing**

M.     **Judgment**

N.     **Motion for Stay Pending Appeal**

O.     **Application for Fees**

P.     **Costs**

Q.     **Costs and Fees Recoverable as Prevailing Party**

A.     **General Case Administration.**

Your Applicant attended and participated numerous meetings, telephone conferences, and voluminous email communications with the Debtors and Debtors' Counsel Mr. Kuhner and Ms. Dreyfuss throughout this action to discuss various factual and legal issues regarding Penn Equities' Claim and Debtors' Objection thereto. Both the clients and Debtors' Counsel were deeply involved in the proceedings and offered numerous suggestions for avenues of research and strategy against Penn Equities. Early in the case, your Applicant prepared a summary of the case and conducted an "all hands" attorney meeting to discuss the case and defenses, and to assign tasks to specific attorneys going forward.

7

First Interim Fee Application By Rentschler/Tursi, LLP For
Compensation For Services Rendered As Special Counsel For
The Debtors, Arce Riverside LLC And Kera Riverside, LLC

Communication in this matter was conducted extensively through email correspondence. Your Applicant has maintained records of time devoted to telephonic and email communications; those reflecting general administration of this case are included in this Project. Applicant has not charged or sought compensation for mere review of email correspondence that did not involve a response by your Applicant. Also included in this Project are communications with Penn's counsel regarding trial scheduling, hearing scheduling, and continuing the trial date.

Your Applicant spent 47.5 billable hours in connection with General Case Administration relating to this portion of representation, which represents 8.4% of the fees requested through this application. The reasonable value of these services with this portion of Applicant's representation is $16,015.00. A complete breakdown of fees billed in connection with General Case Administration, together with a breakdown by attorney and rate, is attached hereto as **Exhibit A**.

**B.** **Investigation.**

In order to understand the facts relevant to the case, your Applicant conducted extensive investigation, including *inter alia* conferences with the clients, examination of the original CIBC loan transaction, the loan documents and emails exchanged during the subject transaction, the extensive discovery that was exchanged in the Superior Court Action, Penn's lending and foreclosure practices, and its litigation history, as well as that of its many affiliates. Your Applicant investigated the licensure status of Penn Equities, Sean Dayani, Hank Dayani and Dayco under both the Department of Real Estate and the Department of Business Oversight.

Such investigation involved electronic and on-line investigation and review of public and private documents, as well as telephone conferences to elicit the facts.

8

Your Applicant spent 14.30 hours in connection with its investigation of the matter. The reasonable value of these services with this portion of Applicant's representation is $5,434.00. A complete breakdown of fees billed in connection with Investigation is attached hereto as **Exhibit B.** Your Applicant incurred $34.70 for research and investigation under this Project, which are reflected on Exhibit P.

C.   **Objection to Second Amended Claim and Response by Penn Thereto.**

Your Applicant assisted Mr. Kuhner and researched and drafted the Objection prior to agreement to litigate this matter as Special Counsel; none of the pre-appointment time is reflected in this application nor is compensation sought hereunder for services rendered prior to appointment. After appointment as Special Counsel, Applicant undertook further revisions to the Objection, consulted with Mr. Kuhner and the clients, and finalized the Objection to incorporate suggestions by them. Your Applicant reviewed and analyzed the responses of Penn Equities to the Objection, the Declarations and documents attached thereto, and the case law cited by Penn Equities in its response. Your Applicant spent 23.00 hours in connection with the Objection. The reasonable value of these services in connection with this portion of the representation is $8,740.00. A complete breakdown of fees billed in connection with the Objection is attached hereto as **Exhibit C**.

D.   **Written Discovery.**

Your Applicant developed a discovery plan and strategy, identifying potential witnesses and avenues of discovery, and assigned these tasks to associate attorneys and reviewed and supervised their work. Written interrogatories, requests for admission, and requests for production of documents were propounded, and responses to Penn's discovery were prepared. Included

9

within this Project are the time and billing for summarizing discovery propounded both in this action and in the Superior Court Action, and for summarizing the deposition testimony; where such summaries were performed by an attorney but of a nature that they could have been accomplished by a paralegal, paralegal rates are charged, as reflected on the summary table at the end of **Exhibit D.**

Certain discovery disputes arose in connection with Penn's failure to produce accounting records and the records of the prior lender, CIBC, in Penn's possession, requiring a hearing before this Court. Your Applicant prepared a summary of issues for the Court and appeared via CourtCall for the hearing.

Your Applicant spent 37.2 hours in connection with the written discovery. The reasonable value of these services in connection with this portion of the representation is $10,934.00. A complete breakdown of fees billed in connection with written discovery is attached hereto as **Exhibit D.**

Your Applicant incurred costs for copying documents for production, a fee for the CourtCall appearance, and delivery costs in connection with this Project, in the amount of $630.01 All costs are reflected on **Exhibit P.**

E.      **Preparation for Depositions.**

Depositions were noticed by Penn of the PMK of Kera Riverside, the PMK of Arce Riverside, Mr. Arce, Mr. Wachsberger, and your Applicant. Your Applicant prepared for those depositions, reviewed with the clients the key documents and voluminous email correspondence in anticipation of likely interrogation, and met with the clients in preparation for each of those depositions. Mr. Wachsberger's deposition was not completed on the date noticed, and therefore

10

First Interim Fee Application By Rentschler/Tursi, LLP For
Compensation For Services Rendered As Special Counsel For
The Debtors, Arce Riverside LLC And Kera Riverside, LLC

a second day of his deposition was subsequently scheduled, and at that time your Applicant again met with Mr. Wachsberger in preparation for his deposition which was videotaped, as was Mr. Arce's deposition. Because of the sensitivity of attorney-client communications and work product concerns, it was deemed necessary for representation and defense at your Applicant's deposition and Joseph Tursi prepared your Applicant for that deposition.

Your Applicant noticed depositions of the PMK of Penn, the PMK of Dayco, Sean Dayani, Hank Dayani, and Don Hankey. Your Applicant prepared for these depositions, assembled documents for use in taking the depositions, outlined deposition testimony, and generally prepared for each of those depositions. All of the Penn witnesses' depositions were taken in Los Angeles, necessitating two trips to LA as well as lodging during the three days of Penn depositions; charges set forth herein do not include travel time except to the extent of preparation that was undertaken during such travel. Travel time and expenses for which your Applicant seeks fees as the Prevailing Party are set forth in Exhibit Q-1 and Q-2.

Mr. Hankey identified two individuals at his deposition who, he claimed, were familiar with the accounting records and practices of Penn and the accounting on this transaction, Gracie Ang and Eugene Leydicker. Because of accounting discrepancies and Penn's failure to produce accounting records, this testimony was deemed critical. Your Applicant noticed and prepared for depositions of these witnesses and again travelled to Los Angeles to take the depositions; no charge for travel time is included.

Your Applicant spent 38.5 hours in preparation for depositions taken in this action. The reasonable value of services in connection with this Project is $14,504.00. A complete breakdown of fees in connection with this portion of the representation is attached hereto as **Exhibit E**.

11

## F.        **Attending and Taking Depositions.**

The depositions of the PMK of Arce Riverside, the PMK of Kera Riverside, George Arce, your Applicant, and the first half of the deposition of Neil Wachsberger were taken by counsel for Penn over the course of two days.  Mr. Tursi defended the deposition of your Applicant; your Applicant defended each of the other deponents.

Your Applicant took the depositions of the PMKs of Penn and Dayco, Sean Dayani, Hank Dayani, and Don Hankey over the course of three days in Los Angeles.  Following Mr. Hankey's identification of employees who supposedly were knowledgeable about Penn's accounting on this loan, your Applicant again travelled to Los Angeles and took the depositions of Gracie Ang and Eugene Leydicker.  Unfortunately, neither witness had any knowledge of the subject matter, and these depositions were therefore very brief, but would not have been taken had Penn not asserted that these witnesses were knowledgeable as to the subject matter.

Your Applicant spent 28.9 hours in taking and defending depositions in this case.  The reasonable value of these services in connection with this portion of the representation is $10,910.00.  A complete breakdown of fees billed in connection with taking and defending these depositions is attached hereto as **Exhibit F-1.**

Your Applicant incurred fees for court reporters, transcripts, videography, and video transcripts of all discovery undertaken.  Your Applicant incurred costs in the amount of $7,27.27 and which are set forth in Exhibit P.  In addition, your Applicant incurred parking charges of $124 in connection with travel to Los Angeles and appearances at court, all reflected on Exhibit P.

12

**G.      Legal Research in Preparation of the Case**

Your Applicant conducted extensive research regarding the issues involved in the proof of usury and the defenses thereto, including *inter alia*, the requirements of proof on a claim of usury, burden of proof, the limitation on the lender's right to recover anything other than the principal amount of the loan, the broker exemption, statutory responsibilities of a broker engaged in arranging a loan or forbearance, treble damages and criminal implications on a claim of usury. Your Applicant likewise conducted research on the issues raised by Penn in defense of the action, including, *inter alia*, the application of the credit-sale exemption, statute of limitations, the application of the broker exemption based on the borrower's broker's license, the assertion that forbearance agreements are immune against a charge of usury, what constitutes a forbearance agreement, conclusive presumptions, and judicial estoppel.

Your Applicant devoted 51.2 hours to this portion of the representation. The reasonable value of such services is $17,675.50. A breakdown of the fees incurred in connection legal research is attached hereto as **Exhibit G.**

**H.      Drafting the Trial Brief**

Your Applicant drafted, reviewed, edited and finalized a trial brief for the trial of the action, with frequent conferences with clients and Mr. Kuhner, and revisions of the brief to incorporate their comments. Your Applicant devoted 47.00 hours to preparation of the trial brief. The reasonable value of such services is $17,860.00. A breakdown of the fees incurred on this Project is attached hereto as **Exhibit H.**

13

**I.**      <u>**Preparation and Negotiation of Stipulations of Facts and Exhibits for Trial**</u>

In an effort to expedite trial of the action, your Applicant prepared and revised several drafts of proposed stipulations as to facts, as well as stipulations regarding the authenticity and admissibility of exhibits at trial. Your Applicant engaged in extensive negotiation with counsel for Penn regarding such stipulations, and reviewed and revised similar stipulations prepared by Penn. Your Applicant devoted 24.00 hours to this Project. The reasonable value of such services is $9,120.00. A breakdown of the fees incurred on this Project is attached hereto as **<u>Exhibit I</u>**.

**J.**      <u>**Trial Preparation.**</u>

In preparation for the trial of this matter, your Applicant reviewed, organized and analyzed all of the evidence for prospective use at trial, including those produced in the Superior Court Action, those produced by the Debtors in this action and by Guarantors in the Superior Court Action, and those produced by Penn in this both this action and the Superior Court Action. Your Applicant reviewed the answers to interrogatories exchanged between Guarantors and Penn in the Superior Court Action as well as those produced in this action. These records were extremely voluminous. Your Applicant reviewed deposition testimony of all of the witnesses, and reviewed and selected portions of the videographed deposition of Sean Dayani for impeachment and use at trial. Your Applicant outlined examination of each of the witnesses at trial, and annotated depositions regarding matters for impeachment. Your Applicant reviewed, researched, and prepared oppositions to Motions in Limine filed by Penn Equities. Your Applicant met with the Debtors to prepare them for the trial and anticipated cross-examination; selected and assembled trial exhibits, created trial binders, and reviewed Penn Equities' proposed trial exhibits.

14

First Interim Fee Application By Rentschler/Tursi, LLP For
Compensation For Services Rendered As Special Counsel For
The Debtors, Arce Riverside LLC And Kera Riverside, LLC

Case: 13-32456    Doc# 272    Filed: 01/26/16    Entered: 01/26/16 18:55:10    Page 15 of 23

Your Applicant spent 52.80 hours in connection with this Project. The reasonable value of such services is $20,064.00. A breakdown of the fees incurred in connection with this portion of the representation is attached hereto as **Exhibit J.** Your Applicant incurred costs for service of subpoenas for trial on Mr. Hankey in the amount of $453, which are reflected in Exhibit P.

**K.**     **Trial**.

Your Applicant attended and conducted the trial of this action over the course of three days, met with and prepared Debtors for direct and cross examination, engaged, examined witnesses, and presented evidence and argument to the court. During the trial, your Applicant also participated in settlement discussions with Penn.

Your Applicant spent 33.0 hours in connection with the trial of this action. The reasonable value of such services is $12,540.00. A breakdown of the fees incurred in connection with this portion of the representation is attached hereto as **Exhibit K**

**L.**     **Post-Trial Briefing and Hearing.**

Following the trial, the Court requested additional briefing regarding the application of the broker exemption to a forbearance agreement. Your Applicant conducted research and prepared a post-trial brief on these issues. Your Applicant reviewed the corresponding brief filed by Penn Equities and conducted research on the cases and assertions referenced therein.

Subsequently, the Court ordered further post-trial briefing on the issue of whether, and in what amount, a usurious lender should be entitled to interest on the principal balance of the loan after its maturity, an issue first raised by Penn in its final argument. Your Applicant conducted research on the right to recover post-maturity interest on a usurious loan, which raised the question of whether a usurious lender should be required to pay prejudgment interest on sums found to have

15

been usurious interest. Your Applicant researched the entitlement of Debtors to prejudgment interest, and the applicable interest rates as to both. Your Applicant drafted a second post-trial brief addressing these issues. Your Applicant reviewed the corresponding brief filed by Penn Equities and conducted research on the cases and assertions referenced therein.

Thereafter, the Court ordered a hearing to resolve post-trial issues. Your Applicant prepared for and appeared thereat on behalf of the Debtors, and responded to the Court's questions. At the conclusion of such hearing, the Court ordered further briefing with clear calculation of interest payable to the parties and how payments were applied on the loan. Your Applicant prepared accounting spreadsheets reflecting each payment made and the application of payments in reduction of principal, and the interest earned before trial on the sums paid to Penn Equities from the sale of the Property. Your Applicant reviewed the corresponding brief filed by Penn Equities and Penn's calculations.

Your Applicant devoted 57.20 hours to this portion of the representation. The reasonable value of such services is $19,516.00. A breakdown of the fees incurred in connection legal research is attached hereto as **Exhibit L.**

**M.      Judgment.**

Following this Court's second Memorandum Decision, your Applicant prepared a reviewed both Memorandum Decisions in order to prepare the judgment consistent therewith. Your Applicant reviewed the papers filed by Penn in opposition to Debtors' proposed judgment, and prepared and filed a written response thereto. Your applicant reviewed the Judgment thereafter entered by the Court, and provided wiring instructions to Penn for payment of the judgment.

16

First Interim Fee Application By Rentschler/Tursi, LLP For
Compensation For Services Rendered As Special Counsel For
The Debtors, Arce Riverside LLC And Kera Riverside, LLC

Your Applicant spent 4.3 hours on this portion of the representation. The reasonable value of such services is $1,634.00, and a breakdown of these services is attached hereto as **Exhibit M.**

**N.**     **Motion for Stay Pending Appeal**

Penn did not refund the usurious interest, instead filing a Motion for Stay Pending Appeal. Your Applicant conducted research on the standards applicable thereto in bankruptcy court, and drafted and filed its Opposition thereto.

Your Applicant spent 8.2 hours on this Project. The reasonable value of such services is $3,116.00, and a breakdown of these services is attached hereto as **Exhibit N.**

**O.**     **Application for Fees and Costs as Prevailing Party**

Your Applicant reviewed its time records, categorized them in compliance with the local fee guidelines, and prepared this fee application for compensation. Your Applicant spent 7.8 hours in the preparation of this fee application, the reasonable value of which is $2,964.00. Said fees represent 1.7% of the total fees requested, in the amount of $171,026.50.

**P.**     **Costs Incurred**

A breakdown of costs incurred is attached hereto as Exhibit P. Costs allowable under the guidelines of the bankruptcy court total $8,968.98.

**Q.**     **SUMMARY OF RECOVERABLE FEES UNDER GUIDELINES.**

| | | |
|---|---|---|
| A. | General Case Administration | $16,015.00 |
| B. | Investigation | 5,434.00 |
| C. | Objection | 8,740.00 |
| D. | Written discovery | 10,934.00 |
| E. | Preparation for depositions | $14,504.00 |

17

|   |   |   |
|---|---|---:|
| F. | Attending and taking depositions | 10,910.00 |
| G. | Legal research | 17,675.50 |
| H. | Drafting trial brief | 17,860.00 |
| I. | Negotiation stipulations for trial | 9,120.00 |
| J. | Preparation for trial | 20,064.00 |
| K. | Trial | 12,540.00 |
| L. | Post trial briefing and hearing | 19,516.00 |
| M. | Judgment | 1,634.00 |
| N. | Motion for stay pending appeal | 3,116.00 |
| O. | Fee application | 2,964.00 |
| **TOTAL FEES** | | **$171,026.50** |

Costs Summary

|   |   |
|---|---:|
| Court-Call appearance fee | $30.00 |
| Court reporters fees | 5,169.72 |
| Photocopies in house @ $0.20 / pg | 385.80 |
| Research | 34.70 |
| Service of process | 453.00 |
| Transcript fee | 2,557.55 |
| Delivery fees | 214.21 |
| Parking | 124.00 |
| **TOTAL COSTS** | **$9,968.98** |
| **TOTAL FEES & COSTS UNDER GUIDELINES** | **$181,022.48** |

18

First Interim Fee Application By Rentschler/Tursi, LLP For
Compensation For Services Rendered As Special Counsel For
The Debtors, Arce Riverside LLC And Kera Riverside, LLC

**R.**     <u>**Costs and Fees Recoverable as Prevailing Party**</u>

Both professional fees for travel time, and actual costs incurred for travel to Los Angeles to take depositions of Penn witnesses are recoverable as the prevailing party. Your Applicant spent 19.2 hours in travel to and from Los Angeles and to and from the Court, the reasonable value of which is $7,296, as set forth on **Exhibit Q-1**.

Costs incurred in connection with such travel include airfare, airport parking, and transportation to and from the Penn offices where depositions were conducted, in the amount of $1,794.79 as set forth on **Exhibit Q-2**. In addition. Debtors individually advanced expenses for meals and lodging for the first trip to Los Angeles including airfare and lodging, in the amount of $1,5000. Debtor seeks recovery as prevailing party in the total amount of $3,294.79.

**III.**     **CONCLUSION**

Debtors therefore seek an award against Penn in the total amount of **$191,613.27** for costs and fees incurred by your Applicant. Costs and fees payable to Guarantors' counsel in the State Court Action shall be filed separately.

**Dated: January 26, 2016**

                                   **WENDEL, ROSEN, BLACK & DEAN LLP**

                                     By: _____ /s/    `Elizabeth Berke-Dreyfuss`
                                     Elizabeth Berke-Dreyfuss
                                     Counsel for Debtors

                                     **RENTSCHLER / TURSI LLP**

                                     By _____ /s/   `Judith J. Rentschler`
                                        19   `Judith J. Rentschler`
                                          `Special Counsel for Debtors`

First Interim Fee Application By Rentschler/Tursi, LLP For
Compensation For Services Rendered As Special Counsel For
The Debtors, Arce Riverside LLC And Kera Riverside, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

First Interim Fee Application By Rentschler/Tursi, LLP For
Compensation For Services Rendered As Special Counsel For
The Debtors, Arce Riverside LLC And Kera Riverside, LLC

20

First Interim Fee Application By Rentschler/Tursi, LLP For
Compensation For Services Rendered As Special Counsel For
The Debtors, Arce Riverside LLC And Kera Riverside, LLC

**VERIFICATION**

I, Judith J. Rentschler, declare as follows:

1.   That I am a partner of Rentschler/Tursi, LLP.

2.   That I am familiar with the above motion and appllicationn and the facts therein are true of my knowledge and belief.  All time and charges for fees and costs are produced by my time and billing software, TimeSlips, from contemporaneous billing records therein maintained. All such time and charges are true and correct.

3.   That the billing statements attached to this Motion are true and accurate and the time entries reflected therein represent the services rendered and costs incurred by Rentschler/Tursi as Special Counsel for the Debtors herein.

4.   That the law firm of Rentschler/Tursi has not been paid any compensation from any other source, other than the application of the fee reimbursement as ordered by the Court will be applied to outstanding fees and costs in this case.

5.   That Rentschler/Tursi has not entered into any agreement or understanding with any other entity or party for the sharing of compensation received or to be received for servicews rendered or to be rendered in connection herewith.

6.   That to the best of my knowledge, information and belief, the compensation and expense reimbursement sought herein is in conformity with the <u>Guidelines for Compensation and Expense Reimbursement of Professionals</u> for the United States Bankruptcy Court for the Northern District of California, except to the extent set forth herein.

7.   That this motion and application are submitted as prevailing party in the contested matter regarding the Objection to Second Amended Claim of Penn Equities herein.

<div align="center">21</div>

First Interim Fee Application By Rentschler/Tursi, LLP For
Compensation For Services Rendered As Special Counsel For
The Debtors, Arce Riverside LLC And Kera Riverside, LLC

8. That the compensation and expenses sought herein were billed at rates no less favorable than those customarily billed by this firm and generally accepted by the applicant's clients. I declare under penalty of perjury that the foregoing is true and correct and that this Verification was executed on this 26th day of January in San Mateo, California.

                                    /s/ Judith J. Rentschler          .

22

First Interim Fee Application By Rentschler/Tursi, LLP For
Compensation For Services Rendered As Special Counsel For
The Debtors, Arce Riverside LLC And Kera Riverside, LLC